Richard G. Grotch, Esq. - SBN 127713
Alisha A. Beltramo, Esq. - SBN 267423
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax.(650) 592-5027
E-mail: rgrotch@chdlawyers.com

**ATTORNEYS FOR** Defendants
DELTA AIR LINES, INC. and
MESABA AVIATION, INC.

*E-FILED 04-05-2011*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE SUMMERS, Individually, | No. C 10-5730 LHK (HRL) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | **MODIFIED BY THE COURT** |
| DELTA AIRLINES, INC., MESABA AVIATION, INC. operating as DELTA CONNECTION, and Does 1-20, inclusive, | [Re: Docket No. 29] |
| Defendants. | |

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, insurers, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   Confidential Information or Items: information (regardless of how generated, stored or maintained) or tangible things that properly qualify for protection under standards developed under F.R.Civ.P. 26(c).  Counsel shall not designate any discovery material as "Confidential" without first making a good faith determination that protection is warranted.

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive, "Confidential Information" or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.  Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel: attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs; the Court's jurisdiction to enforce the terms of this Stipulation and Order shall expire six months after the final termination of this Action.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. As noted above, counsel shall not designate any discovery material as "Confidential" without first making a

3

1  good faith determination that protection is warranted.

2  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown
3  to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily
4  encumber or retard the case development process, or to impose unnecessary expenses and burdens
5  on other parties), expose the Designating Party to sanctions.

6  If it comes to a Party's or a non-party's attention that information or items that it designated
7  for protection do not qualify for protection at all, or do not qualify for the level of protection initially
8  asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the
9  mistaken designation.

10  5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (see,
11  e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that
12  qualifies for protection under this Order must be clearly so designated before the material is
13  disclosed or produced. Designation in conformity with this Order requires:

14  (a)  for information in documentary form (apart from transcripts of depositions or other
15  pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains
17  protected material. If only a portion or portions of the material on a page qualifies for protection,
18  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
19  markings in the margins) and must specify, for each portion, the level of protection being asserted
20  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21  A Party or non-party that makes original documents or materials available for inspection need
22  not designate them for protection until after the inspecting Party has indicated which material it
23  would like copied and produced. During the inspection and before the designation, all of the material
24  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
25  EYES ONLY." After the inspecting Party has identified the documents it wants copied and
26  produced, the Producing Party must determine which documents, or portions thereof, qualify for
27  protection under this Order, then, before producing the specified documents, the Producing Party
28  must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4

1  ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a
2  portion or portions of the material on a page qualifies for protection, the Producing Party also must
3  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and
4  must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or
5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

6      (b)    for testimony given in deposition or in other pretrial or trial proceedings that the Party
7  or non-party offering or sponsoring the testimony identify on the record, before the close of the
8  deposition, hearing, or other proceeding, all protected testimony, and further specify any portions
9  of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
10 When it is impractical to identify separately each portion of testimony that is entitled to protection,
11 and when it appears that substantial portions of the testimony may qualify for protection, the Party
12 or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the
13 deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions
14 of the testimony as to which protection is sought and to specify the level of protection being asserted
15 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only
16 those portions of the testimony that are appropriately designated for protection within the 20 days
17 shall be covered by the provisions of this Stipulated Protective Order.

18     Transcript pages containing Protected Material must be separately bound by the court reporter,
19 who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY
20 CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering
21 or sponsoring the witness or presenting the testimony.

22     (c)    for information produced in some form other than documentary, and for any other
23 tangible items, that the Producing Party affix in a prominent place on the exterior of the container
24 or containers in which the information or item is stored the legend "CONFIDENTIAL" or
25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information
26 or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected
27 portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'
28 Eyes Only."

5

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers

Stipulated Protective Order – C 10-5730 LHK (HRL)

1  **5.3  Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1  Timing of Challenges.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2  Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3  Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

6

specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees and insurers (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author of the document or the original source of the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)    the author of the document or the original source of the information.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers

Stipulated Protective Order – C 10-5730 LHK (HRL)

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify
2  the Designating Party, in writing (by fax, if possible) immediately and in no event more than three
3  court days after receiving the subpoena or order. Such notification must include a copy of the
4  subpoena or court order.

5  The Receiving Party also must immediately inform in writing the Party who caused the
6  subpoena or order to issue in the other litigation that some or all the material covered by the
7  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
8  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
9  caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested
10 parties to the existence of this Protective Order and to afford the Designating Party in this case an
11 opportunity to try to protect its confidentiality interests in the court from which the subpoena or
12 order issued. The Designating Party shall bear the burdens and the expenses of seeking protection
13 in that court of its confidential material – and nothing in these provisions should be construed as
14 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from
15 another court.

16  9.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

17  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
18 Material to any person or in any circumstance not authorized under this Stipulated Protective Order,
19 the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
20 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
21 person or persons to whom unauthorized disclosures were made of all the terms of this Order, and
22 (d) request such person or persons to execute the Acknowledgment and Agreement to Be Bound that
23 is attached hereto as Exhibit A.

24 ///
25 ///
26 ///
27 ///
28 ///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers

Stipulated Protective Order – C 10-5730 LHK (HRL)

**A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.**

1. 10. <u>FILING PROTECTED MATERIAL</u>.

If a party wishes to file a document that has been designated "Confidential" by another party pursuant to this protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with Civil Local Rule 79-5.

When lodged, the "Confidential" material shall be placed in a sealed envelope with instructions that the document is ~~filed~~ **submitted** pursuant to this Stipulated Protective Order and that the envelope is not to be opened absent further order of the Court. The envelope should be labeled to identify the title of the case, the case number and the title of the document.

If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order.

Within ~~five~~ **seven** days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record. If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk will notify the submitting party, hold the lodged document for ~~three~~ **four** days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within ~~three~~ **four** days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and Civil Local Rule 79-5.

///

///

///

11. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, and upon request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///
///
///
///
///
///
///
///

11

Stipulated Protective Order – C 10-5730 LHK (HRL)

 12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED.

Dated: March 31, 2011                                    LAW OFFICE OF BRETT A. BURLISON

/s/ *Brett A. Burlison*

By:_____
    Brett A. Burlison
    Attorneys for Plaintiff
    Bernice Summers

Dated: March 31, 2011                                    CODDINGTON, HICKS & DANFORTH

/s/ *Richard G. Grotch*

By:_____
    Richard G. Grotch (*)
    Attorneys for Defendants
    Delta Air Lines, Inc. and
    Mesaba Aviation, Inc.

(*)   I hereby attest that I have on file all holograph signatures
      for any signatures indicated by a "conformed" signature (/s/)
      within this e-filed document.

**ORDER**
**AS MODIFIED BY THE COURT,**
PURSUANT TO STIPULATION, IT IS SO ORDERED.
                                ^

Dated: ___April 5_____, 2011

_____
Honorable Howard R. Lloyd
United States Magistrate Judge

12

Stipulated Protective Order – C 10-5730 LHK (HRL)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ , of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on April \_\_\_, 2011, in the case entitled *Bernice Summers v. Delta Airlines, Inc., et al.,* United States District Court, Northern District of California, No. C 10-5730 LHK (HRL). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers

Stipulated Protective Order – C 10-5730 LHK (HRL)